**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4118**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

LESLIE LEROY THOMPSON,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  David A. Faber, Chief
District Judge for the Southern District of West Virginia, sitting
by designation.  (3:05-cr-00021-WCB)

———————

Submitted:  May 25, 2007         Decided:  July 10, 2007

———————

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia,
for Appellant. Sharon L. Potter, United States Attorney, Paul T.
Camilletti, Assistant United States Attorney, Martinsburg, West
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Leroy Thompson appeals his conviction and 188 month sentence following his guilty plea to one count of employing a person under 18 years of age in a drug operation, in violation of 21 U.S.C. § 861(a)(1) and (b) (2000), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) (2000). Thompson's counsel filed a brief pursuant to Anders v. California, 286 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but suggesting that the district court erred in sentencing Thompson. Thompson was advised of his right to file a pro se supplemental brief but elected not to do so.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at 546. However, in imposing a sentence post-Booker, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the

statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court treated the Guidelines as advisory, and sentenced Thompson only after considering the Sentencing Guidelines, the § 3553(a) factors, and counsel's arguments. Thompson's 188-month sentence is presumptively reasonable, as it is within the appropriate guideline range, and below the forty year statutory maximum sentence. See 21 U.S.C. §§ 861(a)(1) and (b). As neither Thompson nor the record suggests any information to rebut the presumption, we find that Thompson's sentence is reasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED